IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HECTOR RAUL GARZA**,

    **Petitioner,**

v.                                                                   No. 18-01005-DRH

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

On April 20, 2018, petitioner Hector Garza ("petitioner") filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 1). Petitioner bases his motion on two grounds, first challenging his sentence on separation of powers grounds and second that the guideline was miscalculated. On May 8, 2018, the Court ordered the government to respond to the motion on or before June 7, 2018 (doc. 2). On June 6, 2018, the government filed a motion to dismiss (doc. 3). The Court directed petitioner to file his response to the motion to dismiss by July 11, 2018 (doc. 4). On July 2, 2018, petitioner filed a motion for extension of time to respond (doc. 5) which the Court granted, giving petitioner up to July 25, 2018 to file his response (doc. 6).

Since the granting of the motion for extension of time and as of this date, petitioner has not filed a response. The Court warned petitioner in its June 11th Order that "failure to respond will be construed as an admission of the merits of

the motion." Doc. 4. Thus, pursuant to Local Rule 7.1(c), the Court finds petitioner's failure to respond as an admission of the merits of the government's motion to dismiss. Based on the reasons contained in the motion to dismiss – that the collateral attack provision found in petitioner's plea agreement waives his right to file the pending section 2255 motion - and petitioner's failure to respond, the Court grants the government's motion to dismiss and dismisses with prejudice the section 2255 petition (doc. 1).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v.*

*McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack,* 529 U.S. at 485.

As to petitioner's claim, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right.  Reasonable jurists could not debate that the petition should have been resolved in a different manner.  Therefore, the Court declines to certify petitioner's section 2255 issue for review pursuant to 28 U.S.C. § 2253(c).

Accordingly, the Court **GRANTS** the government's motion to dismiss (doc. 3).  The Court **DISMISSES** with prejudice petitioner's 28 U.S.C. § 2255 petition and **DECLINES** to issue a certificate of appealability.  Further, the Clerk of the Court is to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.31
10:29:19 -05'00'

United States District Judge