# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

HECTOR RAUL GARZA,

    Petitioner,

v.                                    No. 18-01005-DRH

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

On July 31, 2018, the Court entered judgment in favor of respondent, United States of America, due to petitioner Hector Garza's ("petitioner") failure to file a response to the government's motion to dismiss (doc. 3). On the same date, but after the Order granting the motion to dismiss and the judgment were entered, petitioner's response in opposition was docketed as well. *See* doc. 9. No time or date stamp was evident on the envelope petitioner's response arrived in, so the Court must use the date petitioner signed his response as evidence of its timeliness. Petitioner was granted until July 25, 2018 to file his response (doc. 6), and the response received by the Court on July 31, 2018 is dated July 23, 2018. Accordingly, the Court must consider it timely and **vacate** its July 31, 2018 Order granting the government's motion to dismiss and judgment reflecting the same (docs. 7; 8). In its place, the Court issues the following:

The matter before the Court is the government's motion to dismiss petitioner's motion for relief pursuant to 28 U.S.C. § 2255. The motion to dismiss is **GRANTED** due to the untimeliness of the section 2255 motion and the restrictions imposed on petitioner to bring such collateral relief pursuant to his plea agreement.

On March 21, 2014, petitioner pled guilty pursuant to a cooperating plea agreement with the government. *See* Criminal Dkt. 3:13-cr-30125-DRH-2, doc. 183. Part of that agreement read that "Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court[.]" On August 29, 2014, petitioner appeared before the District Court for sentencing. Petitioner was sentenced to a term of 262 months, representing the low end of the guidelines range as contemplated by the plea agreement. Petitioner was also sentenced to a term of five years of supervised release and to pay a $425 fine and a $100 special assessment. *See id*. at doc. 312. Judgment was entered on September 2, 2014. *Id*.

Soon after, on September 12, 2014, petitioner filed a *pro se* notice of appeal. *See id.* at doc. 320. This appeal however was dismissed by petitioner's own motion on September 22, 2014. A little over one year later, the District Court reduced petitioner's sentence from 262 months to 158 months pursuant to the

government's motion to reduce sentence under Fed. R. Crim. P. 35(b). *See id*. at docs. 579; 582. Next, petitioner filed a *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582 based upon U.S.S.G. Amendment 782. *Id*. at doc. 615. The Federal Public Defender's Office was appointed pursuant to Administrative Order 167 and eventually withdrew indicating to this Court that because petitioner had been sentenced as a career offender, he was not entitled to relief under Amendment 782. *Id*. at doc. 632. The Court then denied petitioner's sentence reduction motion on February 7, 2017. *Id*. at doc. 636. On April 20, 2018, the instant section 2255 petition was filed (doc. 1). Petitioner bases his motion on two grounds, first challenging his sentence on separation of powers grounds and second that the guideline was miscalculated. The government filed its motion to dismiss on June 11, 2018 (doc. 3). After review of the merits, the Court determines that petitioner is not entitled to relief.

28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). If a criminal judgment is appealed and affirmed, the conviction becomes final upon the denial of a petition for certiorari or the expiration of the period in which a petition for certiorari could have been filed. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the Court entered judgment on September 2, 2014. Petitioner did indeed appeal, however he filed a motion to

dismiss the appeal on September 22, 2014. The 7th Circuit Court of Appeals dismissed the appeal on the same day. Thus, at the very latest, judgment became final on September 22, 2014. As petitioner filed his § 2255 motion in April 2018, it is clearly untimely. Petitioner's judgment of conviction was final for over three and a half years prior to the filing of the instant motion.

The § 2255 limitations period can be tolled in two ways: equitable estoppel or equitable tolling. *Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir. 2013). Equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing suit. *Id.* Equitable tolling applies where a petitioner has diligently pursued his rights but some "extraordinary circumstance" prevented his timely filing. *Holland v. Florida*, 560 U.S. 631 (2010) (construing § 2244(d)'s similar one-year limitation for § 2254 petitions); *see Clarke,* 703 F.3d at 1101. The Court's review of Garza's file and his response in opposition (doc. 9) demonstrates neither doctrine applies.

The latter doctrine, equitable tolling, coincides with § 2255(f)(4), which states the one year limitation period shall run from, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Garza alleges that extraordinary circumstances exist in this case because, 1. Due to his Hispanic ethnicity, he is disadvantaged by the language barrier and the "complexities of federal procedure" (doc. 9, p. 2) and 2. Petitioner was incarcerated in Marion

County Jail without legal resources until November 23, 2015, after the time to file a section 2255 motion had passed. *Id*. Petitioner goes on to argue that he was "not capable of filing a thorough § 2255 motion" until he was incarcerated at FCI Beaumont in late 2015. *Id*. at p. 4. It is noted that petitioner fails to explain why the pending section 2255 motion was still not filed until the spring of 2018; regardless, the Court finds that petitioner's arguments are not properly before the Court.

Per Section 2255(f)(2), petitioner cannot point to some inability to his raising the instant claim earlier. Also, under Section 2255(f)(3), petitioner does not point to a Supreme Court case that recognizes rights made retroactive to his case. As to Section 2255(f)(4), petitioner does not point to a newly discovered "fact." Finally, petitioner has not alleged any "extraordinary circumstances" warranting equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing); *Johnson v. Chandler*, 224 Fed. App'x. 515, 519 (7th Cir.2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling."). Accordingly, petitioner's Section 2255 petition is denied as untimely.[1]

## CERTIFICATE OF APPEALABILITY

---

1 Even if the petition was not untimely, it would still be denied due to petitioner's binding and valid plea agreement in which he waived collateral attack where his petition does not cite to any of the exceptions listed in the plea agreement.

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claim, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify petitioner's section 2255 issues for review pursuant to 28 U.S.C. § 2253(c).

For the aforementioned reasons, the Court **GRANTS** the government's motion to dismiss (doc. 3). Petitioner Garza's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1) is **DENIED** as untimely, and the Court shall not issue a certificate of appealability. This action is **DISMISSED with prejudice**, and judgment shall enter accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.05
10:32:21 -05'00'

**United States District Judge**